# IN THE UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | |
|---|---|
| ROBERT CARPE, et al., On Behalf of Himself and All Others Similarly Situated, )<br>)<br>Plaintiffs, )<br>)<br>vs. )<br>)<br>AQUILA, INC., et al., )<br>)<br>Defendants. ) | No. 02-0388-CV-W-FJG |

## ORDER AUTHORIZING DISTRIBUTION OF CLASS SETTLEMENT FUND

WHEREAS, on February 9, 2006 this Court entered its Order and Final Judgment (Doc. No. 260) approving the terms of the Stipulation and Agreement of Settlement dated October 3, 2005 (the "Stipulation") and the Plan of Allocation for distributing the settlement proceeds to the Class Members; and

WHEREAS, this Court had directed the parties to consummate the terms of the Stipulation and Plan of Allocation; and

WHEREAS, in satisfaction of due process requirements, all Class Members who filed claims that were in any way ineligible or deficient were: (1) informed that their claims were ineligible or deficient; and (2) were given opportunities to correct any deficiency prior to their claims being finally rejected, or to contest the determination as to the deficiency, by requesting a hearing before the Court; and

WHEREAS, this Court has retained jurisdiction of the above-captioned action (the "Action") for the purpose of considering any further application or matter which may arise in connection with the administration and execution of the Settlement and the

processing of Proof of Claim forms ("Proofs of Claim") and the distribution of the Net Settlement Fund to the Authorized Claimants;

NOW, THEREFORE, upon reading and filing: (1) the Affidavit of Stephen J. Cirami, the Assistant Vice President of Securities Operations for The Garden City Group, Inc. (the "Cirami Aff."), the Claims Administrator for the Settlement, and (2) the Declaration of Kay E. Sickles of Schiffrin & Barroway, LLP, on behalf of Plaintiffs' Co-Lead Counsel; and upon all prior proceedings heretofore had herein, and after due deliberation, it is hereby

ORDERED, that the claim submitted by Dan and Ronaele Hoffman (Claim No. 97) shall be REJECTED; and it is further

ORDERED, that the claim submitted by Charles J. Myers, Jr. (Claim No. 754) shall be REJECTED; and it is further

ORDERED, that the administrative determinations of GCG accepting the claims as indicated on the computer printout of accepted claims submitted and described in the Cirami Affidavit, including claims submitted after March 20, 2006 up until December 15, 2006, be and the same hereby are approved, and said claims are hereby accepted; and it is further

ORDERED, that the administrative determinations of GCG rejecting the claims as indicated on the computer printout of rejected claims submitted with and described in the Cirami Affidavit be and the same hereby are approved, and said claims are hereby rejected; and it is further

2

ORDERED, that payment be made from the Settlement Fund to the Internal Revenue Service for the proper amount of taxes due and owing on the interest earned on the Settlement Fund while in escrow, if any; and it is further

ORDERED, that GCG be paid the sum of $134,591.84 from the Settlement Fund in payment of its fees and in reimbursement of its expenses incurred and to be incurred in connection with giving notice to the Class, processing the Proofs of Claim, preparing the tax returns for the Settlement Fund, and distributing the Net Settlement Fund to the Authorized Claimants; and it is further

ORDERED, that the balance of the Settlement Fund after deducting the payments previously allowed and set forth herein (the "Net Settlement Fund") shall be distributed to the Authorized Claimants listed on the computer printout submitted with the Cirami Affidavit under the proposed Plan of Allocation in proportion to each Authorized Claimant's Recognized Claim as compared to the total Recognized Claims of all accepted claimants as shown on such printout; and it is further

ORDERED, that the checks for distribution to the Authorized Claimants shall bear the notation "CASH PROMPTLY, VOID AND SUBJECT TO RE-DISTRIBUTION IF NOT CASHED BY 180 DAYS AFTER ISSUE DATE." Plaintiffs' Co-Lead Counsel and GCG are authorized to take appropriate action to locate and/or contact any Authorized Claimant who has not cashed his, her or its check within said time; and it is further

ORDERED, that after one (1) year following the initial distribution of the Net Settlement Fund to the Authorized Claimants and after appropriate efforts have been made by either Plaintiffs' Co-Lead Counsel or GCG to locate and distribute funds to Authorized Claimants who did not cash their distribution checks, Plaintiffs' Co-Lead

3

Counsel are authorized to distribute any funds remaining in the Net Settlement Fund by reason of returned or unpaid checks or otherwise, after payment of any unpaid costs or fees incurred in administering the Net Settlement Fund for such re-distribution, to Authorized Claimants who have cashed their checks, provided that they would receive at least $10.00 in such re-distribution based on their Recognized Claims after payment of any unpaid costs or fees incurred in administering the Net Settlement Fund for such re-distribution, and provided that Plaintiffs' Co-Lead Counsel and the Claims Administrator determine a re-distribution should be undertaken. If insufficient funds remain to undertake a re-distribution, or if after six (6) months after a re-distribution funds shall remain in the Net Settlement Fund, then the balance of the Net Settlement Fund shall be contributed to People to People International, World Headquarters, 501 East Armour Boulevard, Kansas City, Missouri 64109-2200 (phone no. (816) 531-4701); and it is further

ORDERED, that the Court finds that the administration of the Settlement and the proposed distribution of the Net Settlement Fund comply with the terms of the Stipulation and the Plan of Allocation and that all persons involved in the review, verification, calculation, tabulation, or any other aspect of the processing of the claims submitted herein, or otherwise involved in the administration or taxation of the Settlement Fund or the Net Settlement Fund are released and discharged from any and all claims arising out of such involvement, and all Class Members, whether or not they are to receive payment from the Net Settlement Fund are barred from making any further claims against the Net Settlement Fund or the Released Parties beyond the amount allocated to them pursuant to this Order; and it is further

ORDERED, that GCG is hereby authorized to discard paper or hard copies of Proofs of Claim and supporting documents not less than one (1) year after the initial distribution of the Net Settlement Fund to the eligible claimants and electronic copies of the same not less than three (3) years after the initial distribution of the Net Settlement Fund to the Authorized Claimants; and it is further

ORDERED, that this Court retain jurisdiction over any further application or matter which may arise in connection with this Action; and it is further

ORDERED, that claims submitted after December 15, 2006 may not be accepted for any reason whatsoever.

**IT IS SO ORDERED.**

                                          /s/ FERNANDO J. GAITAN, JR.
                                          Fernando J. Gaitan, Jr.
                                          United States District Judge

Dated: 1/22/07 .
Kansas City, Missouri.